UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESSELONA JANE LARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:05 CV 431 PS |
| | ) |
| PORTAGE TOWNSHIP SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Esselona Jane Larson is a Christian woman who served as the principal of an elementary school in Portage, Indiana from 2003 to 2005. At the end of 2004, Defendant Portage Township School Corporation advised Larson that it would not renew her contract beyond the 2004-2005 school year. Larson alleges that Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of her religion and national origin. Before the Court is Defendant's partial motion to dismiss Larson's national origin claim under Rule 12(b)(6). [DE 6] For the reasons that follow, Defendant's motion is granted.

**BACKGROUND**

Larson alleges the following facts in her complaint, which the court accepts as true for present purposes. Larson is a white, Christian, non-Jewish woman. [DE 1, ¶7] She served as Principal of Myers Elementary School in Portage, Indiana from July 1, 2003 until July 1, 2005. *Id*. at ¶ 9. Defendant operates and maintains the public schools within the Portage school district, including Myers Elementary School. *Id*. at ¶10. Michael Berta is the Superintendent

1

and Chief Administrative Officer of Portage Township Schools and has held that position since July 1, 2004. *Id*. at ¶¶ 12-13.

In December 2004, Myers Elementary School planned to have a holiday program performed at the school. Early in the month, Larson decided to add the song "Silent Night" to the program. *Id*. at ¶ 14. The program already had included Hanukkah and Kwanzaa songs. *Id*. at ¶ 15. Larson decided to add "Silent Night" after several teachers had requested that the holiday program be diverse. *Id*. at ¶ 16.

On December 7, 2004, Berta sent a letter to Larson criticizing her decision to include "Silent Night" in the holiday program. *Id*. at ¶ 17. On December 9, 2004, Berta met with the Portage Township School Board in executive session regarding the inclusion of "Silent Night" in the holiday program and the renewal of Larson's contract. *Id*. at ¶ 18. On December 10, 2004, Berta asked Larson to resign from her position as principal at Myers Elementary School. *Id*. at ¶ 19. On December 17, 2004, Larson received a letter from Berta advising her that the school district will not seek to renew her contract.

Larson met with Berta and the school board multiple times in the following weeks to discuss the situation. *Id*. at ¶ 23-25. Ultimately, at a public hearing on January 24, 2005, the School Board affirmed Berta's decision not to renew Larson's contract. *Id*. at ¶ 26. Larson's decision to add "Silent Night" to the holiday program was a motivating factor in Defendant's decision not to renew her contract. *Id*. at ¶ 28.

During her tenure at Myers Elementary School, Larson had "an ongoing dispute" with a Jewish teacher at the school. *Id*. at ¶ 29. According to Larson, Defendant "showed preferential

2

and disparate treatment, based on religion and national origin, against Larson and in favor of the Jewish teacher, including its decision to terminate Larson." *Id*. at ¶ 31.

On June 1, 2005, Larson filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Michigan City Human Rights Commission. *Id*. at ¶ 37. The charge was a form complaint that Larson had filled out. [DE 1, Ex. 1] One section of the form asked Larson to indicate the basis of her discrimination claim and provided several choices, including race, religion and national origin. *Id*. Larson checked the race and religion boxes but did not check the national origin box. *Id*. In addition, the form asked Larson to describe the particulars of her discrimination claim. *Id*. Larson responded as follows:

> I am a white female. I am currently employed with the Portage Township School Corporation as a Principal. I was informed on January 24, 2005 that my contract would not be renewed for the 2005-2006 school year.
>
> The decision by the superintendent [to not renew my contract] was prompted by my decision to include "Silent Night" in a holiday program the school was holding. When Mr. Berta, the superintendent, was hired in July 2004, he wanted to incorporate diversity into some of the corporations programs. One such program was the music program. The result of this was the inclusion of a Hannukkah song and Kwanzaa song in the holiday program. When some of the teachers requested that some of the music that had been removed be returned, I agreed to putting "Silent Night" back in.
>
> Immediately, everything spun out of control. I was accused of trying to antagonize a Jewish teacher at the school. This same teacher has called me anti-Semitic in an open meeting as well as a racist. None of the teacher's remarks resulted in discipline but my choice of holiday music led Mr. Berta to ask for my resignation.
>
> In his effort to try and protect the rights of this teacher, Mr. Berta has in fact discriminated against me. The intent of a diversity program is to include everyone; not just make it comfortable for some. I believe I am experiencing religious discrimination.

[DE 1, Ex. 1]

The EEOC issued Larson a right-to-sue letter on August 23, 2005. *Id*. at ¶ 38. Larson filed suit on November 23, 2005. [DE 1] Larson attached her EEOC charge and right-to-sue letter as exhibits to her complaint. [DE 1, Ex. 1] Larson asserts two Title VII claims against Defendant: a discrimination claim based on her religion; and a reverse-discrimination claim based on her national origin. *Id*. Defendant seeks to dismiss Larson's national origin claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 6-7]

## DISCUSSION

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) provides for the dismissal of claims that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In the Rule 12(b)(6) context, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). If the plaintiff can prove no set of facts that would entitle her to relief, dismissal under Rule 12(b)(6) is appropriate. *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003).

In ruling on Defendant's motion to dismiss, the Court may consider Larson's EEOC charge and her right-to-sue letter, both of which are attached to her complaint. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (letter attached to the complaint "became a part of it for all purposes, and so the [district court] judge could consider it in deciding the motion to dismiss"); *Roberts v. Gurnee Radiology, LLC*, 2003 WL 22118939 (N.D. Ill. Sept. 11, 2003) (court properly considered plaintiff's EEOC charge and right-to-sue letter in deciding motion to dismiss Title VII claim where documents were attached to the complaint).

According to Defendant, Larson's national origin claim should be dismissed for the following reasons: 1) she has not exhausted her administrative remedies with respect to the national origin claim; and 2) she has failed to state a claim upon which relief may be granted. *Id*.

**B.     Exhaustion**

Generally, a plaintiff may not bring claims under Title VII that were not originally included in her charge to the EEOC. *See Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). This rule serves two purposes: 1) it affords the EEOC the opportunity to settle the dispute between the employee and employer; and 2) it puts the employer on notice of the charges against it. *Geldon v. South Milwaukee School Dist.*, 414 F.3d 817, 819 (7th Cir. 2005). An exception to the general rule exists if the claims are "like or reasonably related" to the allegations in the EEOC charge and grow out of such allegations. *Id*. (citations and internal quotations omitted).

Claims are not alike or reasonably related unless there is a factual relationship between them, meaning "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Haugerud v. Amery School Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (*citing Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir.1994)). Because employees often file the EEOC charge without a lawyer's help, a Title VII plaintiff is not required to allege in her EEOC charge each and every fact that forms the basis of each claim in her complaint. *Id*.; *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005) (instructing courts to read the EEOC charge "liberally"). In other words, "[w]hat boxes . . . are checked on the EEOC form do not necessarily control the scope of a subsequent civil complaint." *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993).

The EEOC defines national origin discrimination "broadly as including, but not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. § 1606.1. According to the Supreme Court, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 88 (1973).

Reading her EEOC charge liberally, Larson complained to the EEOC that she was discriminated against because she is Christian and because she inserted a traditional, Christian, holiday song into an already diverse holiday program. Her EEOC charge makes no mention of her national origin. Nor does it identify the national origin of the teacher with whom Larson had an "ongoing dispute" and who allegedly was treated more favorably. All of the alleged discriminatory conduct in the EEOC charge revolves around Larson's inclusion of Silent Night into the holiday program and her conflict with "a Jewish teacher." [DE 1]

In addition, although the boxes that Larson checked on the form are not dispositive, they are consistent with Larson's charge that she was discriminated against on the basis of her religion, not on the basis of her national origin. *Id*. On this record, the court cannot find that Larson's claim of national origin discrimination is like, reasonably related to, or grew out of the allegations in her EEOC charge. *See Baker v. Indiana Family & Social Services Admin.*, 260 F. Supp.2d 731, 735-36 (S.D. Ind. 2003) (dismissing on exhaustion grounds the national origin claim of the plaintiff, a black man from Nigeria, where he "fail[ed] to check the box for national

6

origin discrimination on the EEOC charge form [and] did not refer to national origin discrimination or identify his national origin in the charge's narrative section").

### C. Failure To State a Claim

Even if the national origin claim was like or reasonably related to Larson's EEOC charge, Defendant argues that she has failed to state a claim upon which relief can be granted. Again the court agrees though some clarification is warranted.

Defendant argues that dismissal is appropriate because Larson did not plead a *prima facie* case for discrimination in her complaint. [DE 7 at 6] This argument is flawed. The law is clear that "[a] Title VII plaintiff need not set forth allegations of a *prima facie* case in the complaint." *Moranski*, 433 F.3d at 539, *citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). A plaintiff alleging discrimination under Title VII need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*; *see also Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Pleadings in federal court need not allege facts corresponding to each element of a statute . . . . Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law requires a complaint to contain that allegation?").

Nevertheless, dismissal of a Title VII discrimination claim is proper if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Moranski*, 433 F.3d at 539; *Lapine v. Edward Marshall Boehm, Inc.*, No. 89 C 8420, 1990 WL 43572, *5 (N.D. Ill. March 28, 1990). *Lapine* is instructive. In *Lapine*, the plaintiff, a Jewish woman, sued her former employer under Title VII for employment discrimination. The plaintiff alleged that the employer terminated her because she was Jewish.

7

*Id*. at *1.  The plaintiff asserted discrimination claims based on religion and national origin.  *Id*.  The employer moved to dismiss the national origin claim under Rule 12(b)(6) on the grounds that Judaism is a not a basis for a national origin discrimination claim.  *Id*.

The district court agreed.  "Plaintiff can point to no authority for the proposition that the characteristic of being 'Jewish' indicates national origin."  *Id*. at *5.  The court acknowledged that Judaism is indisputably a religion and has been held to constitute a race as well.  *Id*., *citing Shaare Tefila Congregation v. Cobb*, 481 U.S. 615 (1987).  But being Jewish gives no indication of an individual's country of origin "[n]or does it indicate the country of origin of one's ancestors or suggest the physical or cultural characteristics of a national origin group."  *Id*.  "Indeed, Jews, like Catholics and Protestants, hail from a variety of different countries."  *Id*.  Applying the standards for national origin laid out in *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86 (1973), the court found that the plaintiff had failed to state a claim for national origin discrimination.

Larson, like the plaintiff in *Lapine*, is trying to manufacture a national origin claim where one plainly does not exist.  Larson's national origin claim is based on allegations that she is Christian (*i.e.* not Jewish) and that someone who is Jewish was treated more favorably than Larson.  Larson makes no allegation in her complaint that she suffered discrimination because of her place of origin or because of any physical, cultural or linguistic characteristics of a national origin group.  Of course, Judaism is a religion and there is no doubt that Larson's *religious* discrimination claim survives Rule 12(b)(6).  But the national origin claim does not.  The Court agrees with the analysis in *Lapine* that allegations of discrimination because one is Jewish (or, in

8

this case, not Jewish), do not by themselves state a claim for national origin discrimination. Larson has not cited any authority to the contrary.

## **CONCLUSION**

For the foregoing reasons, Defendant Portage Township Schools' partial motion to dismiss [DE 6] is **GRANTED** and Plaintiff's national origin discrimination claim is dismissed.

**SO ORDERED.**

DATED: June 14, 2006

                                                          s/ Philip P. Simon
                                                          PHILIP P. SIMON, JUDGE
                                                          UNITED STATES DISTRICT COURT